Gary L. Eastman, CSB #182518
401 W. A Street, Suite 1785
San Diego, California 92101
Telephone (619) 230-1144
Facsimile (619) 230-1194

Attorney for Plaintiff Nell E. Langford

FILED 2010 APR 30 AM 11:30 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES BY ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – SPRING STREET COURTHOUSE

| | |
|---|---|
| Nell E. Langford, an individual;<br><br>  Plaintiff,<br><br>  vs.<br><br>Kevin P. Rice, an individual; and DOES 1 – 10, inclusive;<br><br>  Defendants | Case No.: CV10 3258 SVW PLAx<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK (15 U.S.C. §1051) and TEMPORARY AND PERMANENT INJUNCTION** |

Plaintiff Nell E. Langford ("Langford" or "Plaintiff") hereby complains as follows:

///
///
///

## THE PARTIES

1. Plaintiff is an individual residing in the city of Pismo Beach, County of San Louis Obispo, State of California.

2. Plaintiff is informed and believe, and based thereon alleges, that Defendant Kevin P. Rice (hereinafter "Rice" or "Defendant") is an individual having a principal place of residence in San Louis Obispo, County of San Louis Obispo, State of California.

3. Plaintiff is not aware of the true names and capacities of Defendants DOES 1 through 10, inclusive, are therefore sue these defendants by such fictitious names. When the true names and capacities of Defendants DOES have been ascertained, Plaintiff will amend the Complaint to set forth such specific facts.

4. Defendants Rice, and DOES 1 – 10, collectively referred to as "Defendants."

## JURISDICTION AND VENUE

5. Jurisdiction in this Court is proper as this Complaint concerns matters having exclusive federal jurisdiction, including the Trademark Act of 1946, as amended, 15 U.S.C. §1051 et seq.

6. This Court has personal jurisdiction over Defendants as they reside and are conducting business in California.

7. Venue is proper in this matter as Plaintiffs reside and are engaged in business, and Defendants reside and have been engaging, and will continue to engage, in business within this judicial district.

///
///
///

2   COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK and TEMPORARY AND PERMANENT INJUNCTION

## BACKGROUND FACTS

8. On April 24, 2009, Defendant Rice transmitted a letter to Plaintiff alleging Trademark Infringement violations. A copy of the letter is attached as Exhibit 1.

9. Defendant specifically alleges that Defendant owns United States Federal Trademark Registration No. 3,776,688 for the mark for "Safe Beach Now" for use in conjunction with providing information, news and commentary in the field of recreation and leisure activities ("the '688 Registration").

10. Defendant specifically alleges that Plaintiff has been using the mark "Safe Beach Now" in violation of Defendants' rights in the '688 Registration.

11. Plaintiff alleges that she has been utilizing the Safe Beach Now trademark in the promotion of public services providing education and information on the dangers of off-road vehicle activity on public beaches.

12. Plaintiff alleges that her use pre-dates Defendant's alleged date of first use of the "Safe Beach Now" mark of July 9, 2007.

13. Plaintiff alleges that Defendant had specific knowledge of Plaintiff's use of the "Safe Beach Now" mark prior to his filing for Federal Trademark protection, thus making willful false statements of material fact in violation of 18 U.S.C. §1001.

14. On information and belief, and based thereon, Plaintiff alleges that Defendant does not own any exclusive rights to the use of the name "Safe Beach Now" for use in conjunction with the dissemination of news, commentary or information.

## FIRST CLAIM FOR RELIEF
## DECLARATORY RELIEF OF NON-INFRINGEMENT OF TRADEMARK

15. Plaintiff realleges and incorporates by this reference all prior allegations as though fully stated herein.

3       COMPLAINT FOR DECLARATORY JUDGMENT OF
              NON-INFRINGEMENT OF TRADEMARK and
              TEMPORARY AND PERMANENT INJUNCTION

16. Plaintiff disputes the allegation that Plaintiff's actions constitute infringement of any trademark rights allegedly owned by Defendants.

17. Plaintiff alleges that the '688 Registration is not valid.

18. Plaintiff alleges that the '688 Registration is not enforceable.

19. Plaintiff alleges that any products produced or services provided by Plaintiff do not violate any trademark rights owned by Defendant.

## SECOND CLAIM FOR RELIEF
## PRELIMINARY AND PERMANENT INJUNCTION

20 Plaintiff realleges and incorporates by this reference all prior allegations as though fully stated herein.

21. Defendant has threatened specific actions intended to interfere with Plaintiff's use of her "Safe Beach Now" trademark.

22. Any such specific actions by Defendant are in violation of Plaintiff's rights in her mark.

23. Plaintiff alleges she is entitled to an immediate and permanent injunction precluding Defendant from interfering with her use of the "Safe Beach Now" trademark.

///

///

///

WHEREFORE, Plaintiffs pray for judgment as follows:

1. Plaintiff be granted a Declaratory Judgment of Trademark Non-Infringement with regard to Defendant's allegations of trademark infringement;

2. The Court issue a ruling that the United States Federal Trademark Registration No. 3,776,688 for the mark for "Safe Beach Now" is invalid;

3. The Court issue a ruling that the United States Federal Trademark Registration No. 3,776,688 for the mark for "Safe Beach Now" is unenforceable;

4. Plaintiff be granted an immediate and permanent injunction preventing Defendant from interfering with Plaintiffs use of her Safe Beach Now trademark; and

5. Any other remedy the Court determines is just.

Dated this April 29, 2010

Gary L. Eastman, APLC

*/s/ Gary L. Eastman/*

Gary L. Eastman, Esq.
Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

Dated this April 29, 2010

Gary L. Eastman, APLC

*[signature]*

Gary L. Eastman, Esq.
Attorney for Plaintiff

# EXHIBIT 1

Letter from Defendant alleging Trademark Infringement

Page 1 of 3

Kevin P. Rice
PO Box 14107
San Luis Obispo CA 93406-4107
kriceslo@gmail.com

2010 April 24

CERTIFIED MAIL

Nell Langford
PO Box 27
Pismo Beach CA 93448-0027

**NOTICE OF TRADEMARK INFRINGEMENT: SAFE BEACH NOW®**

I am the owner of the mark SAFE BEACH NOW® which is U.S. Registered Trademark # 3,776,688.

My registration of SAFE BEACH NOW® is in International Class 41 for use in providing information, news and commentary in the field of recreation and leisure activities. I have exclusive interest and rights pertaining to this use of the SAFE BEACH NOW® mark within the United States in accordance with 15 U.S.C. § 1115(a).

Your use of SAFE BEACH NOW® in each instance enumerated below is believed and considered to be infringement under 15 U.S.C. § 1114 and subject to civil action under 15 U.S.C. § 1125(a):

1. Web sites:
   safebeachnow.com
   safebeachnow.org
   safebeachnow.net

2. User page ('The Comadres'):
   http://vimeo.com/user399842 [in user description text]

3. Videos:
   http://vimeo.com/782678 [at 23:20, 23:32, and in video description text]
   http://vimeo.com/786325 [at 00:00, 11:22, 16:55, 20:04, 20:14]
   http://vimeo.com/1266256 [at 09:45 (spoken)]
   http://vimeo.com/1278305 [at 00:25 (spoken)]
   http://vimeo.com/1475246 [at 00:36 (spoken), 25:52 (spoken), 29:21 (spoken)]
   http://vimeo.com/1541121 [at 00:19 (spoken)]
   http://vimeo.com/1879197 [at 29:56 (spoken)]
   http://vimeo.com/2220809 [at 29:51]
   http://vimeo.com/2710933 [at 29:12]
   http://vimeo.com/3293091 [at 29:18, 29:40]
   http://vimeo.com/3994784 [at 29:48]

P5 1/4

NELL LANGFORD
2010 April 24
NOTICE OF TRADEMARK INFRINGEMENT: SAFE BEACH NOW®
Page 2 of 8

    http://vimeo.com/4667692 [at 00:27]
    http://vimeo.com/4671014 [at 27:40]
    http://vimeo.com/5361507 [at 29:20]
    http://vimeo.com/6180015 [at 00:18]
    http://vimeo.com/6214353 [at 29:36]
    http://vimeo.com/7019362 [at 29:39]
    http://vimeo.com/8240488 [at 29:18]
    http://vimeo.com/9259022 [at 29:26]
    http://vimeo.com/9989991 [at 08:06]

4. On-line petition:
    http://www.thepetitionsite.com/1/we-need-a-safe-beach-now

In light of the above, it is hereby demanded that you undertake the following steps by no later than 12 p.m. Pacific Daylight Time on Saturday, May 1, 2010:

1. Disable or delete all content from your web sites that use the SAFE BEACH NOW® mark as a part of the domain name (safebeachnow.com, safebeachnow.org, safebeachnow.net).

2. Transfer all Internet domains containing the SAFE BEACH NOW® mark (safebeachnow.com, safebeachnow.org, safebeachnow.net) to my account (instructions for GoDaddy can be found at: http://help.godaddy.com/article/822). You will need my account name (kriceslo) and email address (kriceslo@gmail.com). This action is necessary to avoid future filing of a separate action against you under the Uniform Domain Name Dispute Resolution Policy as adopted by ICANN (Internet Corporation for Assigned Names and Numbers). You agreed to be subject to this policy which affects all Internet domain registrations when you registered domain names with GoDaddy (refer to: http://www.godaddy.com/gdshop/legal_agreements/show_doc.asp?plvid=1&pageid=uniform_domain). If I am forced to undertake a dispute under this policy, a further future action to recover costs might ensue.

3. Disable, delete or terminate all display and use of "SAFE BEACH NOW" at any web site that you own or control, and any web site accounts that you own or control.

4. Disable, delete or terminate all display or utterance of "SAFE BEACH NOW" from all videos, audio material, images and photographs which you publish or otherwise distribute or control.

5. Request the disabling, deletion or termination of any other display, use or utterance of "SAFE BEACH NOW" at any web site or publisher that you are associated with, but which you do not control.

pg 2/4

NELL LANGFORD
2010 April 24
NOTICE OF TRADEMARK INFRINGEMENT: SAFE BEACH NOW®
Page 3 of 8

6. Delete from publication and cease use of your email address "safebeachnow@aol.com" or any other email address containing the SAFE BEACH NOW® mark. Use of any such email address for the purpose of transmitting a "change of email address" only to parties you have already had prior communication with is acceptable for up to thirty (30) days, at which time you agree to delete or abandon any such email accounts.

For your cooperation in promptly complying with the above requests, I am willing to waive all claims against you pertaining to this matter. Please know that if you choose not to accede to these requests that I will otherwise be entitled to file a civil claim to seek recovery of all damages, along with attorney fees and costs.

It is trusted and hoped that you would prefer no additional litigation in regards to this matter; however, should you not be agreeable to the above, please be advised that this letter is without prejudice to any rights or remedies that I may have and do retain.

As an alternative to all of the above, and as was extended to you at least twice previously, the possible negotiation of sale of the SAFE BEACH NOW® mark may still exist. You are invited to make any offer that is reasonable; however, any such offer does not extend the time deadline above.

You are also invited to correspond with me on any issue connected with this matter. Because of the time constraint, I encourage you to utilize email for communication. If you prefer to communicate through a representative or counsel, that is acceptable.

Very Sincerely,

*[signature]*

Kevin P. Rice

Enclosure

# United States of America

### United States Patent and Trademark Office

## SAFE BEACH NOW

| | |
|---|---|
| Reg. No. 3,776,688 | RICE, KEVIN P (UNITED STATES INDIVIDUAL)<br>PO BOX 14107 |
| Registered Apr. 20, 2010 | SAN LUIS OBISPO, CA 934064107 |
| Int. Cl.: 41 | FOR: PROVIDING INFORMATION, NEWS AND COMMENTARY IN THE FIELD OF RECREATION AND LEISURE ACTIVITIES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107). |
| SERVICE MARK | FIRST USE 7-9-2007; IN COMMERCE 7-9-2007. |
| PRINCIPAL REGISTER | THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR. |

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SAFE BEACH", APART FROM THE MARK AS SHOWN.

SER. NO. 77-396,861, FILED 2-14-2008.

JEFF DEFORD, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

Pg 4/4